IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3071 |
| vs. | |
| SHANE ROBERT SMITH, | ORDER |
| Defendant. | |

The government has moved to continue tomorrow's sentencing hearing. Filing 62. That motion will be denied.

The government's first basis for continuing the sentencing is that the defendant filed a brief today (filing 62) in support of his previously filed objections to the presentence report (filing 52). The government claims that the brief "makes several new arguments and raises new issues and specifically indicating there is 'no evidence' of certain aggravating factors." Filing 62 at 1. And "[t]he Government, as the party carrying the burden on sentencing enhancements, seeks the ability to gather the evidence and respond to Defendant's now fully-submitted assertions." Filing 62 at 1-2.

The Court's review of the brief, however, indicates that the defendant hasn't objected to any matter on which the government has the burden of proof which wasn't asserted in the previous objection. In other words, the Court is not persuaded that the government needs more time to marshal its evidence as a result of the defendant's brief when the enhancements to which the defendant objected were initially objected to on September 16. *See* filing 52.

That's not to say that the Court approves—far from it—of the defendant filing a cursory "objection" as required by the sentencing schedule and then

providing an 11-page brief explaining those objections the day before sentencing. Such a practice is contrary to both the Court's rules and the sentencing schedule. *See* filing 44; NECrimR 32.1(b)(6). And the Court would be well within its discretion in disregarding the defendant's brief entirely. *See United States v. Dokes*, 872 F.3d 886, 889 (8th Cir. 2017); *United States v. Waddell*, 831 F.3d 958, 961 (8th Cir. 2016). But the Court's tentative sentencing findings already articulated for the government what evidentiary issues would be resolved at sentencing. Filing 57.[1]

Second, the government notes that defense counsel purportedly intends to review the evidence in this case to support the defendant's argument, but has not requested the opportunity to do so. Filing 62 at 2. If the defendant wants to move for a continuance on that basis—and explain why it's necessary at the last minute—then he's free to do so. But again, the Court is not persuaded that it's warranted.[2]

This criminal case has already been pending for 14 months, and the Court is prepared to sentence the defendant tomorrow: the parties should be prepared as well. That does not preclude the Court from adjourning the hearing to a later time and date should it prove necessary, nor does it preclude the parties from attempting to persuade the Court, in the courtroom tomorrow, that more time is needed to prepare. But the Court is, at this point, quite familiar with this case and the issues it presents, and is not inclined to delay its resolution. Accordingly,

---

[1] And, for that matter, to which they may be resolvable on the documentary evidence already submitted to the Court. *See* filing 55.

[2] And, the Court notes, the Court is in possession of the evidence and has reviewed it to the extent necessary to confirm that it is as it was described. *See* filing 55. It's not clear what the defendant could add.

IT IS ORDERED that the government's motion to continue (filing 62) is denied.

Dated this 29th day of September, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge